F:\MMM\1693-1039 Sayers v. USAA CIC\MSJ 1.docx

Maureen M. Michail, State Bar No. 185097
DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807
MICHAIL@DFIS-LAW.COM

Attorneys For Defendant
USAA CASUALTY INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN SAYERS<br><br>　　　　Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE<br>COMPANY;<br>DOES 1 TO 25, Inclusive,<br><br>　　　　Defendants. | Case No. 5:23-cv-01114-DMG-SHK<br><br>Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Shashi H. Kewalramani<br><br>DEFENDANT USAA CASUALTY<br>INSURANCE COMPANY'S NOTICE<br>OF MOTION AND MOTION FOR<br>SUMMARY JUDGMENT OR<br>PARTIAL SUMMARY JUDGMENT;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT<br><br>Date:　　　　March 8, 2024<br>Time:　　　　9:30 a.m.<br>Courtroom:　　8C<br><br>Trial Date:　　June 25, 2024<br><br>[Filed concurrently with Declarations of<br>Maureen M. Michail, Esq. and Amanda<br>Zahariades; Statement of Undisputed<br>Material Facts and Genuine Issues;<br>Request for Judicial Notice; Index of<br>Exhibits and Exhibits; and [Proposed]<br>Order] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

HEREIN:  PLEASE TAKE NOTICE that on March 8, 2024, at 9:30 a.m. or as soon

i

thereafter as the matter may be heard in Courtroom 8C of the above-entitled Court located at 350 W. 1st Street, Los Angeles, California, 90012, Defendant USAA CASUALTY INSURANCE COMPANY ("USAA CIC") will move and hereby does move for summary judgment pursuant to *Federal Rule of Civil Procedure 56*, and corresponding *Central District Local Rule 56-1*, on Plaintiff's complaint.

This motion is made pursuant to Federal Rule of Civil Procedure Rule 56 on the grounds that there is no genuine dispute as to any material fact. Plaintiff cannot prove the essential elements of any of his claims, based on undisputed facts and admissible evidence. As such, Defendant is entitled to judgment as a matter of law.

Even if summary judgment is not granted on plaintiff's entire complaint, USAA CIC seeks partial summary judgment. It respectfully moves the Court for an Order adjudicating that the following issues in this action be established without substantial controversy, that no proof therefore shall be required at the trial of this matter and that any final judgment in this action shall in addition to any matters determined at trial be based on the issues so established:

1. Defendant is entitled to summary judgment on Plaintiff's First Cause of Action for breach of contract since Plaintiff cannot prove that he was wrongfully deprived of policy benefits due to him under his sister's insurance policy with USAA CIC.  As such, the undisputed facts demonstrate that Defendant did not breach the insurance contract at issue as a matter of law. (UMF Nos. 1-17.)

2. Defendant is entitled to summary judgment on Plaintiff's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing as a matter of law since the undisputed facts demonstrate that Defendant did not unreasonably or without proper cause deprive Plaintiff of policy benefits due to him under his sister's policy at issue in this case. Rather, USAA CIC was justified in denying plaintiff's underinsured motorist claim made under his sister's policy based

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

ii

1   on the language of that policy.  (UMF Nos.  17.)

2       3.      Defendant is entitled to summary judgment on Plaintiff's claim(s)

3   and prayer(s) for punitive damages, since plaintiff cannot demonstrate through

4   admissible evidence, that any officer, director or managing agent of Defendant

5   committed or ratified any malice, oppression, or fraud with respect to the insurance

6   claim at issue in Plaintiff's complaint.  (UMF Nos. 1-17.)

7       This motion is brought on the grounds that there is no genuine issue as

8   to any material fact and that Defendant is entitled to judgment as a matter of law based

9   on the points, authorities and uncontroverted evidence submitted herein and herewith.

10  Fed. R. Civ. P. 56(a). The motion is based on this Notice, the attached Memorandum

11  of Points and Authorities, the Declarations of Amanda Zahariades and Maureen

12  Michail, Separate Statement of Undisputed Material Facts ("UMF") and Conclusions

13  of Law, and Index of Exhibits and Exhibits concurrently filed herewith, as well as all

14  papers and pleadings on file in this action and such other argument or evidence as

15  may be presented at the time of the hearing on this motion.

16      Defendant's motion is made following conferences of counsel pursuant

17  to *Central District of California Local Rule 7-3*, regarding the merits of Plaintiff's

18  claims and Defendant's defenses addressed in this motion on July 11, 2023, July 13,

19  2023, July 14, 2023 and a follow up inquiry sent by defense counsel to plaintiff's

20  counsel on July 25, 2023.  (See Declaration of Maureen Michail filed concurrently

21  herewith.)

22   Date: January 26, 2024          DANIELS, FINE, ISRAEL,
                                       SCHONBUCH & LEBOVITS, LLP
23

24                                  */s/ Maureen M. Michail*

25                        By:_____

26                                  Maureen M. Michail
                                    Attorneys For Defendant
27                        USAA CASUALTY INSURANCE COMPANY

28                                          iii

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I.      INTRODUCTION ................................................................................. 1

II.     UNDISPUTED MATERIAL FACTS SUPPORTING SUMMARY
        JUDGMENT IN DEFENDANT'S FAVOR ...................................................... 3

        A.      Subject Accident ........................................................................ 3

        B.      Plaintiff's Policy and Plaintiff's Collision and Medical Payments
                Claims Submitted to USAA CIC Thereunder ...................................... 3

        C.      The Lester Policy, Plaintiff's UIM Claim Submitted to USAA CIC
                Thereunder, and the Litigation Arising Therefrom  ............................... 4

III.    SUMMARY JUDGMENT STANDARD ......................................................... 6

IV.     PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF
        CONTRACT FAILS AS A MATTER OF LAW ............................................. 8

V.      THERE WAS NO BAD FAITH HERE-USAA CIC'S COVERAGE
        DENIAL WAS REASONABLY AND JUSTIFIED BASED ON THE
        PLAIN LANGUAGE OF MS. LESTER'S POLICY AND THE
        UNDISPUTED FACTS ..................................................................... 10

VI.     PLAINTIFF CANNOT SHOW BY CLEAR AND CONVINCING
        EVIDENCE THAT DEFENDANT ACTED WITH MALICE,
        OPPRESSION, OR FRAUD ............................................................... 12

VII.    CONCLUSION .......................................................................... 15

i

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*501 East 51st Street Long-Beach-10 LLC v. Kookmin Best Ins. Co.*
47 Cal.App.5th 924 (2020)................................................................11

*7-Up Bottling Co. v. Archer Daniels Midland Co.*
191 F.3d 1090 (9th Cir.1999)............................................................8

*Amadeo v. Principal Mut. Life Ins. Co.*
(9th Cir. 2002) 290 F.3d 1152..........................................................12

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 248, (1986)................................................................6

*Barton v. Alexander Hamilton Life Insurance Company of America*
(2003) 110 Cal.App.4th 1640...........................................................15

*Basich v. Allstate Ins. Co.*
(2001) 87 Cal.App.4th 1112........................................................12, 13

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*
213 F.3d 474 (9th Cir. 2000)............................................................7

*Celotex Corp. v. Catrett"*
477 U.S. 317 (1986) ....................................................................6, 7

*Chateau Chamberay*
90 Cal.App.4th 335, 348 (2001)........................................................12

*Dart Indus., Inc. v. Commercial Union Ins. Co.,*
28 Cal.4th 1059 (Cal. 2002) ............................................................8

*Feldman v. Allstate Ins. Co.,*
322 F.3d 660, 669 (9th Cir. 2003)..............................................7, 8, 10

*Fraley v. Allstate Ins. Co.*
(2000) 81 Cal.App.4th 1282.............................................................11

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

<u>Page</u>

*Hartford Casualty Ins. Co. v. Cancilla*

   28 Cal.App.4th 1305 ......................................................................... 9

*Kaiser Cement Corp. v. Fischbach & Moore, Inc.*

   793 F.2d 1100 (9th Cir. 1986) .......................................................... 7

*Lunsford v. Am. Guar. & Liab. Ins. Co.*

   (9th Cir. 1994) 18 F.3d 653.............................................................. 12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*

   475 U.S. 574 (1986). ........................................................................ 7

*Maynard v. State Farm Mut. Auto. Ins. Co.*

   (C.D. Cal. 2007) 499 F.Supp.2d 1154.............................................. 11

*Meridian Project Systems, Inc. v. Hardin Construction Co., LLC*

   426 F. Supp. 2d 1101 (E.D. Calif. 2006) .......................................... 8

*Miller v. American Home Assur. Co.,*

   47 Cal.App.4th 844, 848 (1996)........................................................ 8

*Miranda v. City of Cornelius*

   429 F.3d 858 (9th Cir. 2005)............................................................. iii

*Oki America Inc. v. Microtech Intl. Inc.*

   (9th Cir. 1989) 872 F.2d 312............................................................. 14

*Rappaport-Scott v. Interinsurance Exchange of Auto. Club*

   (2007) 146 Cal.App.4th 831.............................................................. 11

*Shade Foods, Inc. v. Innovative Products*

   (2000) 78 Cal.App.4th 847................................................................ 12, 14

*Sicor Ltd. v. Cetus Corp.*

   51 F.3d 848 (9th Cir. 1995)............................................................... 7

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

### <u>TABLE OF AUTHORITIES (CONT'D)</u>

<u>Page</u>

*Smith v. State Farm Mut. Auto. Ins. Co.*

 93 Cal.App.4th 700 (2001)........................................................................... 2

*Stewart v. Truck Insurance Exchange*

 (1993) 17 Cal.App.4th 468 ......................................................................... 14

*Sutton v. Farmers Ins. Exch.*

 35 Cal.App.4th 1800 (1995)...................................................................... 2, 9

*Thornhill Publishing Company, Inc. v. GTE Corp.*

 594 F.2d 730 (9th Cir. 1979) ....................................................................... 7

*Tomaselli v. Transamerica*

 (1994) 25 Cal.App.4th 1269 ...................................................................... 13

*Waller v. Truck Ins. Exchange, Inc.,*

 900 P.2d 619, 638 (CA. 1995) ................................................................... 11

**Statutes**

California Insurance Code, section 11580........................................... 2, 4, 9

Civil Code, section 3294 ........................................................................ 14, 15

**Rules**

Fed. Rules Civ. Pro. 56 ........................................................................ 6, 7, 8

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On August 16, 2016, Plaintiff Benjamin Sayers was involved in an automobile accident while driving a vehicle owned by him, and specifically listed as an insured vehicle under USAA CIC auto insurance Policy No. **0112609** 69C 7101 8 issued to him ("Plaintiff's Policy"). (See UMF #1.) USAA CIC received claims for policy benefits under Plaintiff's Policy, which USAA CIC paid in 2016. Those claims are not at issue in this case.

What is at issue is the Underinsured Motorist ("UIM") claim made by Plaintiff to USAA CIC in 2019 arising out of the same accident, under a USAA CIC policy issued to Plaintiff's sister, Kelli M. Lester, Policy No. **0094390** 18C 7102 4 ("Lester Policy"). (UMF 8; See Plaintiff's Complaint and policy attached thereto, Def. Ex. 16.) **It is undisputed and indeed indisputable that plaintiff is not identified as an Operator on the Lester Policy, nor is his vehicle listed as a Covered Auto on the Lester Policy**. The Lester Policy only identifies Kelli Lester as the sole Operator and insures one vehicle owned by her alone—not plaintiff's vehicle that he was driving at the time of the accident. (See Exhibit 10, pgs. 071-073.)

USAA CIC investigated plaintiff's UIM claim under the Lester Policy and denied the claim since it was undisputed that the vehicle that Plaintiff was driving at the time of the subject accident was his vehicle insured under his own policy (Plaintiff's Policy), **not** insured under the Lester Policy. Meanwhile, plaintiff was living with his sister. (UMF 15.) Exclusion B of Part C – Uninsured Motorist Coverage of the Lester Policy expressly excludes coverage for bodily injury to a resident relative (i.e., plaintiff), driving a vehicle owned by the resident relative that is not listed on the subject policy (i.e., plaintiff's vehicle) [which applied here], **or** if the vehicle owner has UM/UIM coverage for his owned auto (i.e., Plaintiff's Policy)

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1   [which also applies here].  Thus, coverage for plaintiff's UIM Claim was barred under

2   both prongs of the exclusion.

3      USAA CIC's policy language mirrors California Insurance Code Section

4   11580.2(c)(6), so it is 100% ratified by and consistent with California law. That is

5   because as the courts have explained: **"UIM Coverage under California law is**

6   **strictly limited to the coverage on the car being driven at the time of an accident."**

7   *Sutton v. Farmers Ins. Exch.,* 35 Cal.App.4th 1800, 1806 (1995). To hold otherwise

8   would permit resident relatives of the same household who own various vehicles to

9   insure one with maximum coverage and the other(s) with minimum coverage and

10  then, regardless of which vehicle was being driven at the time of an accident, claim

11  UM/UIM motorist coverage under the policy with the maximum coverage. That is not

12  the law, nor is it what the parties bargain for when charging and paying premiums.

13  *Id.*; see also, *Smith v. State Farm Mut. Auto. Ins. Co.,* 93 Cal.App.4th 700, 714 (2001)

14  ["This prevents the coverage of one policy from extending to accidents involving

15  other owned but uninsured vehicles and reflects the theory that each motor vehicle

16  should carry its own liability insurance and uninsured motorist coverage".]

17     Based on these undisputed facts, policy language and applicable law,

18  USAA CIC's denial of Plaintiff's UIM claim under the Lester Policy was correct: in

19  accordance with the Lester Policy contract language and California law.  Therefore,

20  USAA CIC is entitled to summary judgment on plaintiff's entire complaint since it is

21  based entirely on the claim that USAA CIC wrongfully and unreasonably denied his

22  UIM claim under the Lester Policy.

23  ///

24  ///

25  ///

26  ///

27  ///

28

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

## II.

## UNDISPUTED MATERIAL FACTS SUPPORTING SUMMARY JUDGMENT IN DEFENDANT'S FAVOR

**A.**   **Subject Accident**

On August 17, 2016, USAA CIC received notice that Plaintiff was involved in an auto accident on August 16, 2016, and was treating for his injuries ("Subject Accident"). (UMF 1.) USAA CIC obtained a copy of the traffic collision report for the Subject Accident reflecting that plaintiff Benjamin Sayers was driving a Kia Rio owned by him and insured by USAA Policy No. **011260969** C7101 8 (UMF 2)—the same policy defined above as Plaintiff's Policy.  (See Def. Exhibit 2, page DEF 000042.)

**B.**   **Plaintiff's Policy and Plaintiff's Collision and Medical Payments Claims Submitted to USAA CIC Thereunder**

On the date of the subject accident, Plaintiff had in effect USAA CIC Policy No. **011260969** C7101 8 (Plaintiff's Policy) which listed him as the sole Operator and Named Insured and the 2013 Kia Rio that he was driving when involved in the accident as the sole covered auto.  (UMF 3.) Plaintiff made claims for property damage to his vehicle and medical expenses to USAA CIC under Plaintiff's Policy— Claim No. 011260969. (UMF 4.)  USAA CIC received a letter of representation from counsel for Plaintiff, attorney Cory Weck dated September 19, 2016 referencing Claim No. 011260969 (which is the first 9 digits of Plaintiff's Policy. (Def. Ex. 4; UMF 5.)  On September 20, 2016, Plaintiff's counsel advised of Plaintiff's medical bills and requested payment of the $1,000.00 Medical Payment ("MedPay") Coverage Limit under Plaintiff's Policy. (Def. Ex. 5, UMF 6; see also, Plaintiff's Policy Declarations Page at Def. Ex. 1, page 007.) USAA CIC paid the Med Pay Coverage

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

limit as requested on September 21, 2016. (Def. Ex. 8; UMF 7.) USAA CIC also paid Plaintiff's property damage / Collision coverage claim under Plaintiff's policy.

Since plaintiff was not at fault for the accident, there were no other policy benefits recoverable for the accident under his own insurance policy. His recourse was a liability claim against the at-fault driver. Plaintiff chose to settle his bodily injury liability claim against at-fault driver for $15,000 which was the limit of the tortfeasor's auto liability policy. (Def. Ex. 19, page 239-247.) Since the Uninsured Motorist Coverage limits on Plaintiff's Policy are the same as the at-fault driver's policy, Plaintiff had no UIM claim under Plaintiff's Policy. (California Insurance Code Section 11580.2, subd. (p)(2).) (See Def. Ex. 1, page 007 and Def. Ex. 19, page 246-247.)  Plaintiff/Plaintiff's counsel never made a UIM claim under Plaintiff's Policy.  Instead, Plaintiff's counsel made a UIM claim to USAA CIC as an "additional insured" under Plaintiff's *sister's* policy—the Lester Policy.

C.     **The Lester Policy, Plaintiff's UIM Claim Submitted to USAA CIC Thereunder, and the Litigation Arising Therefrom**

USAA CIC issued Policy No. **0094390** 18C 7102 4 (Lester Policy) to Named Insured Kelli M. Lester which identified Kelli M. Lester as the sole Operator and a Kia Optima as the sole covered auto, in effect from May 25, 2016 to Nov. 25, 2016.  (UMF 8; Def. Ex. 10, page 73; Def Ex. 16, page 159.)

The pertinent definitions, contract provisions and exclusions are as follows:

DEFINITIONS

M. Your covered auto means:

1.     Any vehicle shown on the Declarations.

2.     Any newly acquired vehicle.

3.     Any trailer you own. (UMF 9.)

4

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

A.    You and your refer to the "named insured" shown in the Declarations and spouse if a resident of the same household. (UMF 10.)

E. "Family member" means a person related to you by blood, marriage, or adoption who is a resident of your household. (UMF 10.)

INSURING AGREEMENT

Paragraph A. is revised as follows:

A.    UNINSURED    MOTORISTS    BODILY    INJURY COVERAGE (referred to as UMBI)
1. We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of BI sustained by a covered person and caused by an auto accident. (UMF 11.)

EXCLUSIONS

Exclusion B. is revised as follows:

B. We do not provide UMBI Coverage for BI sustained by any covered person while occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this Coverage under this policy or when the owner of that vehicle has UMBI Coverage similar to that provided in this Part. This includes a trailer of any type used with that vehicle. (UMF 12; Ex. 10, page 5 of 9.)

Plaintiff lived in his sister's house at the time of the subject accident and admits that he was a "family member" by definition.  (UMF 13.)

Plaintiff's Policy contains the same UMBI Coverage Part as the Lester Policy.  **Compare** Def. Ex. 1, pages 11-14, 21, 28-32 **to** Def. Ex. 10, pages 96-98, 108, 116-121.

The vehicle that Plaintiff was driving at the time of the accident is not a Covered Auto under the Lester Policy.  The only vehicle shown in the Declarations of the Lester Policy is Ms. Lester's Optima. (UMF 14.)

USAA CIC investigated Plaintiff's UIM Claim under the Lester Policy including obtaining under oath testimony from both Ms. Lester and Plaintiff which

5

confirmed the foregoing facts including that Plaintiff was a family member living with his sister on the date of the accident but the car he was driving was not a covered auto listed on the Lester Policy. (UMF 15.) Therefore, USAA CIC denied Plaintiff's UIM claim under the Lester Policy explaining the exclusion to Plaintiff/Plaintiff's counsel. (UMF 16; Def. Exhs. 11-14.)

Plaintiff, through his counsel then filed a motion to compel arbitration in Riverside Superior Court (Case No. CVPS2202851). The Court denied the motion to compel arbitration on April 19, 2023 finding that based on the opposition and the agreement presented to the Court "Petitioner was not an insured under the policy, nor was his vehicle insured under the policy… and that the only evidence of agreement, provided by Respondent, suggests that Petitioner did not have … any basis for coverage under his sister's policy." (Def. Ex. 15, Request for Judicial Notice filed concurrently herewith.)

Less than a week later, Plaintiff initiated the instant litigation against USAA CIC as Riverside Superior Court Case No. CVPS2301967, which USAA CIC removed to this Honorable Court based on diversity jurisdiction. (Def. Ex. 16; Request for Judicial Notice filed concurrently herewith.)

## III.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, (1986). Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. Rules Civ. Pro. 56(c)(1)(A). A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). A

6

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

dispute over a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

Where the moving party bears the burden of proof at trial, it must present evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). If the moving party meets its initial burden, the burden will then shift to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

However, on issues where the moving party does not have the burden of proof at trial, the moving party needs to show only that there is an absence of evidence to support the non-moving party's case. See *Celotex Corp.,* 477 U.S. at 325. In this case, it is **Plaintiff' burden to prove that: (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits was unreasonable or without proper cause."** *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (applying California law).

In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). But, the opposition must go beyond the allegations and assertions of the pleadings and set forth specific facts by providing the court with competent evidence that establishes a genuine issue for trial. Fed. Rule of Civ. Proc. §56(e); *Celotex Corp.*, supra at 324. Merely suggesting that facts are disputed or merely providing conclusory or speculative affidavits cannot defeat summary judgment. *Thornhill Publishing Company, Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). That is so because a party must do more than show that there is some metaphysical doubt as to the material facts. *Sicor Ltd. v. Cetus Corp.,* 51 F.3d 848, 853 (9th Cir. 1995). Rather, the non-moving party must come forward with admissible evidence to oppose the motion. Fed.

Rule Civ. Proc. §56(c)(4); *7-Up Bottling Co. v. Archer Daniels Midland Co.*, 191 F.3d 1090, 1101 (9th Cir.1999).  A court may grant partial summary judgment on part of a claim of defense based upon the same standard as a motion for summary judgment. *Meridian Project Systems, Inc. v. Hardin Construction Co., LLC*, 426 F. Supp. 2d 1101, 1105 (E.D. Calif. 2006).

**IV.**

**PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS AS A MATTER OF LAW**

Plaintiff cannot meet his burden to prove that he has been wrongfully deprived of policy benefits ***due*** under the policy**.**  See *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (applying California law).  As set forth in great detail above, the admissible evidence demonstrates USAA CIC's compliance with the policy provisions.  Plaintiff was not entitled to any policy benefits under the Uninsured / Underinsured ("UM / UIM") Motorist Coverage of his sister's policy, and thus, USAA CIC's coverage denial was correct.  As such, USAA CIC did not breach its policy issued to plaintiff's sister by denying plaintiff's UIM claim.  Thus, he cannot prove the essential elements of a breach of insurance contract claim against USAA CIC based on that proper denial of coverage.  Until the insured provides facts demonstrating a claim covered under the subject policy, *the insurer has no duty to pay*, and the insured has no right to recover.  *Miller v. American Home Assur. Co.,* 47 Cal.App.4th 844, 848 (1996).  In order to prove a prima facie case of breach of contract here, plaintiff must provide evidence to the Court that his UIM claim was covered under the Lester Policy.  *Dart Indus., Inc. v. Commercial Union Ins. Co.*, 28 Cal.4th 1059 (2002).  He cannot do that here given the undisputed facts, and plain language of the policy ratified by California case and statutory law. Consequently, USAA CIC is entitled to summary judgment on plaintiff's breach of contract claim.

8

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

Insurance Code section 11580.2 requires automobile insurance companies to provide coverage for their insureds for injury caused by an uninsured/underinsured motorist. The exclusionary language at issue is substantially similar to the language of subdivision (c)(6) of that statute which states: "The insurance coverage provided for in this section does not apply either as primary or as excess coverage: [P] To bodily injury of the insured while occupying a motor vehicle owned by an insured . . . unless the occupied vehicle is an insured motor vehicle . . . ." (Italics added.) The term "insured motor vehicle" is defined in subdivision (b) of section 11580.2 as "the motor vehicle described in the underlying insurance policy of which the uninsured motorist endorsement or coverage is a part." *Sutton v. Farmers Ins. Exchange*, 35 Cal.App.4th 1800, 1804-1805 (1995).

Section 11580.2 allows only "certain people to claim uninsured motorist coverage--those whose uninsured motorist insurance covers the vehicle they are driving at the time of an accident with an uninsured motorist." *Hartford Casualty Ins. Co. v. Cancilla*, 28 Cal.App.4th 1305, 1311-1312.) It is clear that the language and intent of the exclusion in the Lester Policy under which Plaintiff seeks coverage here on Plaintiff's Kia Rio is substantially identical to the language and intent of the exclusion found in Insurance Code section 11580.2, subdivision (c)(6), "[a]s both exclusions use substantially similar language to describe the operative event which triggers the exclusion, namely, 'occupying a . . . motor vehicle' which is not an 'insured' motor vehicle." Since plaintiff's claim is based on an accident involving his Kia Rio which is **not** an insured motor vehicle under the Lester Policy for which coverage is sought, his claim is barred. See *Sutton, supra,* at pg. 1806. The court in *Sutton* further observes that: "By issuance of the policies with different amounts of coverage, [a carrier] is able to vary its risk and plaintiffs were only required to pay premiums commensurate with the coverage. These terms were agreed upon by the parties and, as we have seen, are in conformance with the law." *Id.* at page 1806.

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

Here, Plaintiff chose to purchase UM/UIM coverage for his vehicle that he was driving on the date of the subject accident with a $15,000 each person bodily injury policy limit and paid a commensurate premium. Thus, it would be entirely improper for him to recover $100,000 UIM coverage for bodily injury sustained while driving that vehicle under his sister's policy which only insured a different vehicle.

Here, the Kia Rio vehicle driven by plaintiff at the time of the accident was owned by plaintiff and listed as an insured vehicle under Plaintiff's Policy. (UMF 2,3; Plaintiff's Policy, Def. Exhibit 1, pages 6-8; Traffic Collision Report, Def. Exhibit 2, page 42; UMF 17). Plaintiff was living with his sister, Kelli Lester at the time of the accident (UMF 13), and his vehicle was not listed as a covered vehicle on the Lester Policy (UMF 8, 14). Ms. Lester is the only Operator listed on her policy and only one vehicle is listed as an insured vehicle on that policy, which is **not** the Kia Rio that plaintiff was driving at the time of the accident. (UMF 2, 3, 8, 13, 14, 17.)

Consequently, there was no UM/UIM coverage for Plaintiff's bodily injury resulting from the accident under the Lester Policy based on the plain language of the policy, ratified and enforced by California case and statutory law.

## V.

## THERE WAS NO BAD FAITH HERE—USAA CIC'S COVERAGE DENIAL WAS REASONABLY AND JUSTIFIED BASED ON THE PLAIN LANGUAGE OF MS. LESTER'S POLICY AND THE UNDISPUTED FACTS

"In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show (1) benefits due under the policy were withheld, **and** (2) the reason for withholding benefits was unreasonable or without proper cause." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (applying California law). The Supreme Court of California held that "because

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

1    a contractual obligation is the underpinning of a bad faith claim, such a claim cannot

2    be maintained unless policy benefits are due under the contract." *Waller v. Truck Ins.*

3    *Exchange, Inc.*, 900 P.2d 619, 638 (CA. 1995).

4           Here, plaintiff cannot show that benefits due under the policy were

5    withheld or that the reason for withholding benefits was unreasonable or without

6    proper cause.  Without being able to prove **both**, his bad faith cause of action against

7    USAA CIC fails as a matter of law, thereby entitling USAA CIC to summary

8    judgment on plaintiff's second cause of action for bad faith.

9           California courts have consistently held that **bad faith claims should be**

10   **dismissed on summary judgment** if the defendant can show that there was a genuine

11   dispute as to its liability for the claim for coverage:

12          "It is now settled law in California that an insurer denying

13          or delaying the payment of policy benefits due to the
             existence of a genuine dispute with its insured as to the
14          existence of coverage liability or the amount of the
             insured's coverage claim is not liable in bad faith even
15          though it might be liable for breach of contract." [Citation.]
             [Emphasis added.]
16

17          "It is equally clear that this issue may be resolved as a

18          matter of law in a proper case.  A court can conclude as a
             matter of law that an insurer's denial of a claim is not
19          unreasonable, so long as there existed a genuine issue as to
             the insurer's liability." *Id.*, citing *Fraley v. Allstate Ins. Co.*
20          (2000) 81 Cal.App.4th 1282, 1292, See also *501 East 51st*
21          *Street Long-Beach-10 LLC v. Kookmin Best Ins. Co.*, 47
             Cal.App.5th 924 (2020).
22

23

24          It is well established that "an insurer does not act in bad faith so long as

25   a 'genuine dispute' exists over an insured's coverage." *Maynard v. State Farm Mut.*

26   *Auto. Ins. Co.* (C.D. Cal. 2007) 499 F.Supp.2d 1154, 1160 (citing *Rappaport-Scott v.*

27   *Interinsurance Exchange of Auto. Club* (2007) 146 Cal.App.4th 831, 837; *Amadeo v.*

28

*Principal Mut. Life Ins. Co*. (9th Cir. 2002) 290 F.3d 1152, 1161; see also *Lunsford v. Am. Guar. & Liab. Ins. Co*. (9th Cir. 1994) 18 F.3d 653, 656 ("[A] court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability").) In deciding whether there was a genuine dispute, "the court does not decide which party is 'right' as to the disputed matter, but only that a reasonable and legitimate dispute actually existed." *Chateau Chamberay* (2001) 90 Cal.App.4th 335, 348.

## VI.

## PLAINTIFF CANNOT SHOW BY CLEAR AND CONVINCING EVIDENCE THAT DEFENDANT ACTED WITH MALICE, OPPRESSION, OR FRAUD

The record demonstrates that USAA CIC's handling of plaintiff' claim was not malicious, oppressive or fraudulent.  Where, as here, Plaintiff's ultimate burden of proof at trial would be by "clear and convincing" evidence, that higher standard of proof applies to ruling on a motion for summary judgment. Where plaintiff cannot show by clear and convincing evidence that the insurer acted with malice, fraud, or oppression, the insurer is entitled to summary adjudication on the issue of punitive damages.  *Basich v. Allstate Ins. Co*. (2001) 87 Cal.App.4th 1112.

In *Shade Foods, Inc. v. Innovative Products* (2000) 78 Cal.App.4th 847, the court reiterated the rule that even where the carrier is liable for bad faith, it is not subject to punitive damages where its conduct was not outside the common experience of human affairs.  The court in *Shade Foods* explained that where the record falls short of establishing by clear and convincing evidence the sort of contemptible conduct that could be described by the term "despicable," punitive damages are simply not warranted.  Unreasonable and negligent as it may have been, the insurer's conduct in *Shade Foods* fell within the common experience of human

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

12

affairs, both with respect to the careless initial evaluation and its stubborn persistence in error.  As such, the court found no basis for punitive damages.  (*Id*. at p. 860.)

The record in this case demonstrates that USAA CIC's handling of plaintiff' claims was not malicious, oppressive or fraudulent.  Rather, USAA CIC investigated, evaluated, reinvestigated, reevaluated, assessed, re-assessed, adjusted, re-adjusted and consistently increased its estimates and payments to Plaintiff.  (SUF ¶¶ 7-15.)  It paid the undisputed sums on the Claim based on its adjuster's evaluation and estimates it obtained from third party contractors and the appraisal board. (SUF ¶¶ 7-15.) These facts do not even support bad faith much less punitive damages.

In *Tomaselli v. Transamerica* (1994) 25 Cal.App.4th 1269, 1286, the Court of Appeal reversed a jury award of punitive damages while affirming the judgment against an insurance company for bad faith claims administration.  The Court of Appeal explained that "the actions of [the insurance company] may be found to be negligence (failing to follow up information provided by the insured), overzealous (taking an unnecessary deposition under oath of the insured), legally erroneous (relying on an endorsement which was not shown to have been delivered), and callous (failing to communicate). There was nothing done, however, which would be described as evil, criminal, recklessly indifferent to the rights of the insured, or with a veracious intention to injure." (*Id*. at 1288.)

The court's opinion in Tomaselli was recently followed and affirmed in *Basich v. Allstate* (2001) 87 Cal.App.4th 1112, where the court applied the clear and convincing evidence standard as explained in Tomaselli in granting the insurer's motion for summary adjudication on the issue of punitive damages.

Here, Plaintiff allege that USAA CIC acted in bad faith because it relied on experts' opinions and estimates that differed from their own expert's. These claims do not nearly demonstrate that USAA CIC acted with malice, fraud or oppression. It does not matter that Plaintiff allege a generic laundry list of treatise-type insurer "bad

13

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

faith" conduct in their complaint. They have no admissible evidence to support their conclusionary allegations. The California courts have consistently held that not every insurance dispute is a bad faith case. Plaintiffs should not be entitled to create tort lawsuits out of good faith disputes regarding insurance coverage. Plaintiff in this case is apparently operating under the erroneous notion that simply including causes of action which carry the potential for punitive damages and using terms such as malicious, oppressive and/or fraudulent is sufficient to maintain punitive damage claims. California courts, however, disagree: "The right to punitive damages does not arise from the mere pleading of a covenant of good faith or its breach." (*Shade Foods Company v. Hartford Ins. Co*. (1984) 163 Cal.App.3d 1055, 1068.)

As Judge Kozinski noted in his concurring opinion in *Oki America Inc. v. Microtech Intl. Inc*. (9th Cir. 1989) 872 F.2d 312, 315-316, it is unfortunate that the allure of punitive damages provides a "golden carrot" in litigation that entices into court parties who might otherwise be inclined to resolve their differences. Not every dispute nor every wrong ought to have a tort remedy. Judge Kozinski refers to cases such as this as the "tortification of contract law" or the tendency to treat a contract dispute as a tort, which creates improper incentives for plaintiff to invest in tort causes of action. (*Id*. at 315-316.)

A plaintiff must prove entitlement to punitive damages not by a mere preponderance of the evidence, but under the heightened "clear and convincing" standard. (Civil Code § 3294(a).) This standard requires a finding of high probability, based on evidence so clear as to leave no substantial doubt and sufficiently strong to command the unhesitating assent of every reasonable mind. California courts have repeatedly addressed what facts must be present in bad faith cases to support an award of punitive damages. Those courts have drawn a sharp line between facts supporting bad faith, and facts egregious enough to support punitive damages. *Stewart v. Truck Insurance Exchange* (1993) 17 Cal.App.4th 468, 482-483.

14

Even if, contrary to the record, there was any doubt as to the nature of the adjusters' conduct, punitive damages are barred here as a matter of law because Plaintiff cannot prove that any oppressive or malicious conduct was committed or knowingly ratified by an officer, director or managing agent of the defendants. (Civil Code § 3294(b).)  There is no evidence that any officer, director or managing agent committed or knowingly ratified any malicious, fraudulent or oppressive conduct. "[A] finding of ratification . . . and any other finding made under Civil Code section 3294, subdivision (b) must be made by clear and convincing evidence" otherwise the defendant is entitled to summary adjudication.  (*Barton v. Alexander Hamilton Life Insurance Company of America* (2003) 110 Cal.App.4th 1640, 1644.)

## VII.
## <u>CONCLUSION</u>

Defendant respectfully requests that the Court grant its motion for summary judgment on Plaintiff' entire complaint, or in the alternative grant summary judgment of each of plaintiff's claims and/or claim/prayer for punitive damages.


Date:  January 26, 2024          DANIELS, FINE, ISRAEL,
                                 SCHONBUCH & LEBOVITS, LLP

                                        */s/ M. M. Michail*

                       By:_____
                                 Maureen M. Michail
                                 Attorneys For Defendant
                                 USAA CASUALTY INSURANCE COMPANY

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

# CERTIFICATE OF SERVICE

State of California          )
County of Los Angeles   )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067.  On January 26, 2024, I served the within document(s):

**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

☒ **BY MAIL**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION**.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 26, 2024, at Los Angeles, California.

/s/Christine Tucker
_____
Christine Tucker

## <u>SERVICE LIST</u>

Cory R. Weck, Esq.
Brynna D. Popka, Esq.
McCune Law Group
3281 East Guasti Road
Suite 100
Ontario, California 91761-7656
Tel: (909) 557-1250/Fax: (909) 557-1275
Email: crw@mccunewright.com; bdp@mccunewright.com
***Attorneys for Plaintiff BENJAMIN SAYERS***

1693-1039

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES